**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **AVERY TAYLOR,** ) | **CASE NO. 1:13 CV 1417** |
| ) | |
| Petitioner, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **ED SHELDON, WARDEN,** ) | |
| ) | |
| Respondent. ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Kenneth S. McHargh. (**Doc #: 19** (hereafter, the "R&R").) Magistrate Judge McHargh recommends that the Court dismiss the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by *Pro Se* Petitioner Avery Taylor. (**Doc #: 1** (hereafter, the "Petition" or "§2254 Petition").) Taylor has timely filed Objections to the R&R. (**Doc #: 21**.) The Court has reviewed the briefs and the relevant parts of the federal and state court records and is now prepared to issue its ruling.

**I.**

Avery Taylor, representing himself, has filed a Petition under 28 U.S.C. § 2254 arising from his 2010 convictions in the Lorain County Common Pleas Court for felonious assault, receiving stolen property, and participating in a criminal gang. Section 2254 provides relief to prisoners whose state-court convictions violate clearly established federal law "as determined by

the Supreme Court of the United States." *Dewald v. Wriggelsworth*, 748 F.3d 295, 298 (6th Cir. 2014) (citing 28 U.S.C. § 2254)). In the Petition, Taylor has raised and briefed the following six grounds for relief:

1. In the first ground for relief, Taylor contends that the trial court abused its discretion in denying his motion for mistrial;

2. In the second ground for relief, Taylor contends that there was insufficient evidence to support his conviction for Participation in Criminal Gang Activity under O.R.C. § 2923.42.

3. In the third ground for relief, Taylor contends that the trial court violated due process when it allowed the case to proceed under an indictment which did not provide adequate notice;

4. In the fourth ground for relief, Taylor contends that the trial court abused its discretion and violated due process by allowing evidence of a previous murder charge against him which had been dismissed;

5. In the fifth ground for relief, Taylor contends that the trial court abused its discretion and violated due process by allowing police officers to testify absent verified qualification and by allowing admission of prejudicial photos without proper foundation; and

6. In the sixth ground for relief, Taylor contends that the trial court's tolling calculations resulted in a violation of the Constitution's speedy trial guarantee.

## II.

The Federal Magistrates Act requires a district court to conduct a *de novo* review of only those portions of an R&R to which an objection has been made. *Kronenberg v. Eppinger*, No. 1:12 CV 3105, 2014 WL 1681432, at *1 (N.D. Ohio Apr. 17, 2014) (citing 28 U.S.C. § 636(b)(1)). "The Court is under no obligation, however, to review *de novo* objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs." *Id*. (citing *Roberts v. Warden, Toledo Correctional Inst.*, No. 1:08 CV 113, 2010 WL 279246, at *7 (S.D. Ohio Jul. 14, 2010)). With the exception of the sixth ground for

relief, to which Taylor has filed no objections at all, Taylor has filed objections to the R&R raising the same arguments he presented to the Magistrate Judge in his Petition and Traverse – all of which the Magistrate Judge addressed fully and adequately.  While this would normally preclude the Court from analyzing Taylor's objections, a couple of points bear discussion.

With respect to the habeas claims asserted in Grounds One, Four and Five, the record shows that Taylor presented these claims to the state appellate court as state law violations only, and the state appellate court addressed these claims as state law violations only.  As such, the Magistrate Judge properly found that habeas relief is not available for errors of state law.  The Magistrate Judge also properly concluded that these claims were not exhausted, were barred by *res judicata* and, thus, were procedurally defaulted.  (See generally R&R at 8-13.)  Taylor argued before the Magistrate Judge, and now in his objections, that he exhausted these claims because (1) the Respondent conceded in the Return of Writ that Taylor exhausted all of his habeas claims, and (2) Taylor exhausted these three claims by presenting them to the Ohio Supreme Court as federal constitutional claims.  Taylor's confusion is understandable.

On page 9 of the Return of Writ, the Respondent states, "In summary, all of the habeas claims presented in the petition are exhausted and were adjudicated on the merits on direct appeal."  (Doc #: 6, at 9.)   However, on pages 13-17, the Respondent correctly explained in detail why Taylor's habeas claims are procedurally defaulted.

Furthermore, in the R&R, the Magistrate Judge states that "the Supreme Court of Ohio will not consider a constitutional question which was not raised and argued in the lower courts." (R&R at 9 n.2 (citing *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985) and *State v. Phillips*, 27 Ohio St.2d 294, 302 (1971)).   In fact, the Ohio Supreme Court *generally* will not consider

constitutional questions that were not raised and argued in the lower courts. There is, however, a limited exception for constitutional challenges to state statutes that are first raised before the Ohio Supreme Court. *See, e.g., Connell v. Andrews*, No. 3:06 CV 2128, 2009 WL 644493, at *11-14 (N.D. Ohio Mar. 3, 2009) (citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856 (2006) (lifting the procedural bar to reviewing, for the first time before the Ohio Supreme Court, a constitutional challenge to Ohio's statutory sentencing scheme in light of U.S. Supreme Court cases *Apprendi*, *Blakely*, and *Booker*). However, Taylor has not raised a constitutional challenge to any Ohio statutes in Grounds One, Four or Five.

So, while Taylor's confusion is understandable, his objections to the Magistrate Judge's recommended ruling that Taylor has procedurally defaulted these claims is overruled.

In Ground Two, Taylor contends that there was insufficient evidence to support his conviction for Participation in Criminal Gang Activity under O.R.C. § 2923.42. The Court agrees with the Magistrate Judge's finding that the state court correctly identified the governing legal principle that applies to sufficiency-of-the-evidence questions (i.e., whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt),[1] and the Court agrees with the Magistrate Judge's conclusion that the state court did not unreasonably apply that principle to the facts of Taylor's case. *Williams v. Taylor*, 529 U.S. 362, 407-08 (2000). Nonetheless, the Court would like to make two points.

---

[1] Actually, the state court relied on *State v. Jenks*, 61 Ohio St.3d 259 (1991) and *State v. Thompkins*, 78 Ohio St. 3d 380 (1997) – both of which followed the sufficiency-of-the-evidence standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979).

First, according to Taylor, no rational factfinder could have possibly found the elements of the Criminal Gang Activity charge beyond a reasonable doubt because the Court and parties repeatedly expressed, on the record, their lacked of familiarity with the criminal gang statute and questions over its elements. The lack of familiarity with a criminal statute and questions concerning its elements do not constitute a constitutional violation, particularly where (as here) the parties agreed on those elements prior to trial and instructed the jury accordingly.

Second, contrary to Taylor's argument, there is no constitutional requirement that a jury physically express, via jury interrogatories or separate verdict forms, their unanimous findings as to each of the elements comprising the Criminal Gang Activity statute or any other criminal statute. It is sufficient that the jury instructions correctly articulate those elements and require that the jury unanimously find that the State proved all of those elements beyond a reasonable doubt in order to convict.

### III.

Based on the foregoing, the Court **OVERRULES** Taylor's objections (**Doc #: 21**), **ADOPTS** the Magistrate Judge's R&R in its entirety (**Doc #: 19**), and **DENIES** the § 2254 Petition (**Doc #: 1**).

**IT IS SO ORDERED.**

*/s/ Dan A. Polster    December 5, 2014*
**Dan Aaron Polster**
**United States District Judge**